UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6474 FMO (AFMx) | Date | Sept. 15, 2015 |
|---|---|---|---|
| Title | Fernando De La Cruz, et al. v. J&P Entrepreneurs Dallas, LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Jurisdiction

On August 26, 2015, plaintiffs Fernando De La Cruz and Benjamin Orduno d/b/a Factory of Dreams ("plaintiffs") filed a complaint in this court against J&P Entrepreneurs Dallas, LLC d/b/a Bella Luna Hall and Bella Luna Events ("J & P"), Pablo Cesar Figueroa Cintora a/k/a Pablo Figueroa ("Figueroa"), and Jamie Murrieta ("Murrieta") (collectively, "defendants"), asserting various state-law claims. (See Complaint). Subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332. (See id. at ¶ 1).

The Complaint alleges that plaintiffs are residents of California, (see Complaint at ¶ 3), Figueroa and Murrieta are residing in Texas, (see id. at ¶¶ 5-6), and that J&P is "a limited liability company organized and existing under the laws of . . . Texas with its principal place of business located in . . . Texas[.]" (Id. at ¶ 4).

Limited liability companies ("LLCs") are treated like partnerships rather than corporations and are deemed "a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen."). "There is no such thing as 'a [state name] limited partnership' for purposes of diversity jurisdiction. There are only partners, each of which has one or more citizenships." Hart v. Terminex Int'l, 336 F.3d 541, 544 (7th Cir. 2003) (internal quotation marks omitted). Moreover, "[a]n LLC's principal place of business [or] state of organization is irrelevant" for purposes of diversity jurisdiction. See Buschman v. Anesthesia Business Consultants LLC, 42 F.Supp.3d 1244, 1248 (N.D. Cal. 2014); Tele Munchen Fernseh GMBH & Co Produktionsgesellschaft v. Alliance Atlantis Int'l Distribution, LLC, 2013 WL 6055328, *4 (C.D. Cal. 2013) ("As a limited liability company, [defendant]'s principal place of business is irrelevant for purposes of diversity jurisdiction."). If a member of an LLC is a corporation, then the state of incorporation and its principal place of business must be shown.

Because it appears that plaintiffs may not have taken into consideration the distinction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-6474  FMO (AFMx)** | Date | **Sept. 15, 2015** |
|---|---|---|---|
| Title | **Fernando De La Cruz, et al. v. J&P Entrepreneurs Dallas, LLC, et al.** | | |

between the citizenship of a corporation and that of an LLC, and has therefore not adequately set forth J&P's citizenship, the court cannot determine whether it has subject matter jurisdiction. Accordingly, IT IS ORDERED that no later than **September 21, 2015**, plaintiffs shall show cause in writing why this case should not be dismissed for lack of subject matter jurisdiction. Among other things, plaintiffs shall identify the citizenship and residence of **each** of J&P's partners, members, and owners. Plaintiffs' response shall be supported by a declaration as necessary. **Failure to submit a response by the deadline set forth above may be deemed as consent to dismissal of the action**.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | VDR | | |